UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN LARVIE,<br><br>Defendant. | 19-CR-30090-RAL<br>19-CR-30135-RAL<br><br><br><br>ORDER DENYING MOTIONS FOR<br>COMPASSIONATE RELEASE |

Before the Court are motions for compassionate release filed in two separate cases by defendant John Larvie ("Larvie"). Doc. 84 in USA v. Larvie, 3:19-CR-30090-RAL; Doc. 77 in USA v. Larvie, 19-CR-30135-RAL. Larvie claims he has a terminal illness and has undergone chemotherapy treatment in 2014 for osteosarcoma. Docs. 84, 84-2 in USA v. Larvie, 3:19-CR-30090-RAL.

In April of 2020, Larvie plead guilty to making false statements during the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), Doc. 35 in USA v. Larvie, 19-CR-30135-RAL, and assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3). Doc. 42 in USA v. Larvie, 3:19-CR-30090-RAL. In September of 2020, this Court sentenced Larvie to concurrent sentences of 38-months in federal custody in both criminal files. Doc. 68 in USA v. Larvie, 3:19-CR-30090-RAL; Doc. 61 in USA v. Larvie, 19-CR-30135-RAL. Larvie later filed a motion to vacate, set aside, or correct sentences under 28 U.S.C. § 2255, which this Court denied. Larvie v. United States, 20-CV-3023-RAL, Doc. 20.

Larvie's expected release date is October 13, 2022, and he already appears to be at a residential reentry center in Minneapolis, Minnesota. (https://www.bop.gov/inmateloc/ Federal Register No.: 18187-273 last accessed Feb. 22, 2022). In both files, his defense attorney, Mallory Schulte, has filed notice of an intent to supplement the motions for compassionate release. While this Court is required to consider supplements made on behalf of criminal defendants seeking compassionate release, see United States v. Howard, 989 F.3d 1068, 1070 (8th Cir. 2021) (remanding compassionate release request to district court because it failed to consider supplement), Larvie's compassionate release motions can be denied at this time without prejudice to refiling because Larvie has plainly failed to satisfy the administrative exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A).

"According to the plain terms of § 3582(c)(1)(A), prisoners can bring compassionate-release motions on their own once they have exhausted their administrative remedies." United States v. Houck, 2 F.4th 1082, 1083 (8th Cir. 2021). A defendant may move for a sentence reduction only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "This requirement is a mandatory claim-processing rule" and "must be enforced so long as the opposing party properly raises it." Houck, 2 F.4th at 1084 (citations omitted). "Thus, courts dismiss unexhausted compassionate-release motions without prejudice." Id.

Larvie indicates he has not fully exhausted his administrative remedies. Doc. 84 at 2-3 in USA v. Larvie, 3:19-CR-30090-RAL; Doc. 77 at 2-3 in 3:19-CR-30135-RAL. Therefore, this Court must dismiss Larvie's motions for compassionate release. Therefore, it is

ORDERED that Larvie's requests for compassionate release, Doc. 84 in <u>USA v. Larvie</u>, 3:19-CR-30090-RAL; Doc. 77 in <u>USA v. Larvie</u>, 19-CR-30135-RAL, are denied without prejudice to refiling after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

DATED this 22nd day of February, 2022.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE